**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                   CASE NO. 3:10-cr-199-J-32MCR

DENNIS GRAY WILLIAMS

_____

**ORDER**

This case is before the Court on Defendant's Request for Non-Jury Trial (Doc. 60), which is opposed by the government (Doc. 61).[1] On April 13, 2011, the Court held a hearing regarding Defendant's contention that the government's non-consent to his waiver of jury trial infringes upon his religious beliefs about submitting to judgment by lay jurors. Doc. 67.

At the outset, the Court notes that it is not altogether clear whether a district court can properly override the government's objection to a jury waiver under any circumstances.[2]

---

[1] Defendant previously waived his right to a jury trial (Doc. 40) and requested a bench trial before the undersigned. The government, pursuant to Fed.R.Crm.P. 23(a), advised that it would not consent to a non-jury trial (Doc. 52), which prompted the parties' engagement on this issue.

[2] Defendant contends that Singer v. United States, 380 U.S. 24 (1965), created an exception to the government consent requirement of Rule 23(a) where "a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by a jury would result in the denial to a defendant of an impartial trial." Id. at 37. However, "[t]he Supreme Court has never determined whether the circumstances alluded to in Singer actually existed," and "[t]o the contrary, in at least one post-Singer opinion, the Court has characterized the requirement of government consent as absolute. See Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 383, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979)." United States v. U.S. Dist. Court for E. Dist. of California, 464 F.3d 1065, 1070 (9th Cir. 2006). "Although lower courts have since assumed that Singer allows for an exception to the requirement of governmental consent to a jury waiver, no United States Court of

However, even if an exception to Rule 23(a)(2) does exist on the grounds asserted by Defendant, the Court finds that the circumstances of this case do not warrant granting Defendant's request over the government's objection.[3] Specifically, the Court finds that, on the basis of the evidence presented at the April 13, 2011 hearing as well as the record evidence before it, Defendant does not possess a "sincerely held" religious belief that would require the Court to inquire further. See Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428 (2006). Accordingly, this case will proceed to trial by jury on Monday, April 18, 2011 absent a change of heart by the government.[4]

The Court notes that Defendant's strong preference for a bench trial is also based on non-religious grounds. At the April 13 hearing and in a previous hearing, Defendant expressed a reasonable concern that there will be evidence at trial of his extensive criminal

---

Appeals appears to have approved a defendant's waiver of a jury over the government's objection. Indeed, the circuits that have considered this issue have uniformly upheld the trial courts' refusals to grant such waivers without governmental consent." Id. at 1070-71 (collecting cases).

[3] Defendant contends that the application of Rule 23(a)(2) infringes on his right to free exercise of religion. For purposes of this argument, Defendant relies solely on a 1986 Western District of Michigan case which held that, under Singer, a defendant's "sincerely held religious belief against submitting to a jury trial" could serve to override the government's objection. United States v. Lewis, 638 F.Supp. 573, 581 (W.D. Mich. 1986). Lewis appears to be an outlier, and in any event, the court in that case *assumed* for the purposes of deciding the legal issues that the defendants could establish the sincerity of their religious beliefs, and withheld an evidentiary hearing on the subject for a later date. Id. at 577. Assuming arguendo that Lewis provides a valid basis for overriding the government's objection to a jury waiver, Defendant has not made the requisite evidentiary showing here.

[4] Defendant asserts that if the Court proceeds with a jury trial, he will not actively participate. The Court hopes that Defendant will change his mind. However, Defendant and his counsel will be present, and a jury trial will go on whether Defendant "participates" in the proceedings or not.

record which might poison his case in the eyes of a jury. Given these concerns, and following its colloquy with Defendant at the April 13 hearing, the undersigned - despite prior reservations - is now comfortable with Defendant's jury waiver and would agree to a bench trial if the government agreed. The Court, therefore, will ask if the government wants to reconsider its position on a bench trial.[5]

**ORDERED:**

1.  **No later than 1:00 p.m. on Friday, April 15, 2011**, the government shall file a notice indicating its final position on this issue.

2.  Trial - either before a Jury or before the undersigned - shall commence on **April 18, 2011 at 9:00 a.m.** It will continue as necessary on April 19 and 22, 2011.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of April, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies to:

Arnold B. Corsmeier, AUSA
Wade M. Rolle, Esquire
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

---

[5] Given the Court's ruling, the government's concern about "setting a precedent" should be allayed.