# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                              CASE NO. 3:10-cr-199-TJC-MCR

DENNIS GRAY WILLIAMS

---

## ORDER

This case is before the Court on Defendant Dennis Gray Williams's Motion for Compassionate Release. (Doc. 200). He asks the Court to reduce his 240-month prison sentence. Williams filed a previous request for compassionate release on June 8, 2020. (Doc. 189). The Court denied that request (Doc. 193), as well as Williams's motion for reconsideration (Doc. 199).

Williams states that after he filed the first motion for compassionate release, he suffered an injury on his right leg on June 28, 2020. (Doc. 200 at 2). He also suffers from other medical issues, including sleep apnea, type 2 diabetes, diabetic neuropathy, and hypertension, which have allegedly severely hampered his physical activities. Id.; (Doc. 200-2). Williams was transferred to a halfway house on June 11, 2025, with a projected release date of May 8, 2027. (Doc. 200 at 4; Doc. 204 at 3).

Williams argues that he presents "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13(b)(2) and (b)(5) due to his age and other circumstances, mainly: that he is not entitled to social security benefits while in a halfway

house (Doc. 200 at 4; Doc. 200-1 at 5), that his medical issues and disability will present challenges in obtaining employment, a requirement while in the halfway house (Doc. 200 at 5), and that similarly situated defendants have received shorter imprisonment terms (id. at 6). The government opposes Williams's motion because he has not carried the burden of establishing "extraordinary and compelling reasons" for early release, and because his release would be inappropriate considering the 18 U.S.C. § 3553(a) sentencing factors. (Doc. 204 at 6–14).[1]

A court may modify a term of imprisonment under limited circumstances. See 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").[2] To decide a motion for compassionate release, a court must consider the factors in the statute establishing sentencing guidelines (18 U.S.C. § 3553(a)) and determine whether "extraordinary and compelling reasons" warrant a reduction.[3] See

---

[1] The government also filed Williams's medical records under seal (Doc. 205). While the government did not request leave to file these medical records under seal, they are protected medical records and are to remain under seal per the Middle District of Florida's CM/ECF Administrative Procedures.

[2] The parties do not dispute that Williams has fully exhausted his administrative rights under § 3582(c)(1)(A).

[3] A court may reduce a term of imprisonment under other circumstances inapplicable here. See 18 U.S.C. § 3582(c)(1)(A)(ii) & (c)(1)(B).

§ 3582(c)(1)(A). "Extraordinary and compelling reasons" for compassionate release include, <u>inter alia</u>, the age of the defendant and "any other circumstance or combination of circumstances []." <u>See</u> U.S.S.G. § 1B1.13(b)(2) and (b)(5).

The Court need not analyze the factors in § 3553(a) because Williams provides no extraordinary and compelling reason to modify his sentence.[4] While Williams seems to be facing certain health issues, Williams has not demonstrated that he "is experiencing a serious deterioration in physical or mental health because of the aging process." <u>See</u> U.S.S.G. § 1B1.13(b)(2)(B). Nothing in the medical records supports a conclusion that Williams's ability to provide selfcare in the prison or at the halfway house is substantially diminished. Williams's remaining arguments are not "circumstances or a combination of circumstances" that amount to an "extraordinary and compelling reason." Accordingly, it is hereby

**ORDERED:**

Defendant Dennis Gray Williams's Motion for Compassionate Release. (Doc. 200) is **DENIED**.

---

[4] However, given the defendant's criminal history, its is unlikely that the Court would find the § 3553 factors would support compassionate release.

**DONE AND ORDERED** in Jacksonville, Florida, the 19th day of August, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

jcd
Copies:

Arnold Corsmeier, AUSA
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant